UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PEARLIE IRBY, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 3:21-CV-01262-X |
| | § | |
| AT&T SERVICE INC, | § | |
| | § | |
| *Defendant.* | § | |

## ORDER

Plaintiff Pearlie Irby filed a Complaint on June 2, 2021. On March 24, 2022, the Court ordered Irby to file a status report as to why service had not been made within the 90-day time limit provided by Federal Rule of Civil Procedure 4(m) or this action would be subject to dismissal without prejudice [Doc. No. 5]. As of the date of this Order, Irby has not filed a status report, served the defendant, or otherwise attempted to prosecute this action. Therefore, the Court determines that this case should be dismissed without prejudice.

A district court is authorized to dismiss a case for want of prosecution or for failure to comply with a court order.[1] This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending

---

[1] *SEE* FED. R. CIV. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); *see Boudwin v. Graystone Ins.*, 756 F.2d 399, 401 (5th Cir. 1985) ("Although the rule speaks of dismissal pursuant to a motion by the defendant, a district court may dismiss *sua sponte*, without or without notice to the parties." (citing *Link v. Wabash R.R.*, 370 U.S. 626 (1962)); *see also Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998) ("A district court *sua sponte* may dismiss an action for failure to prosecute or to comply with any court order" (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988)).

cases."[2] Such dismissal may be with or without prejudice.[3] A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct, and the imposition of lesser sanctions would be futile.[4]

Irby has failed to diligently prosecute this civil action. Even after the Court's Order, which warned Irby that the case would be subject to dismissal without prejudice if Irby did not comply, Irby failed to file a status report or serve the defendant. Irby also failed to otherwise advise the Court of Irby's efforts to prosecute this action. Under these circumstances, dismissal is warranted.

For the reasons stated, Irby's claims and cause of action are **DISMISSED WITHOUT PREJUDICE**, under Fed. R. Civ. P. 41(b), for want of prosecution and failure to comply with a court order.

**IT IS SO ORDERED** this 27th day of April, 2022.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[2] *Boudwin*, 756 F.2d at 401 (citing *Link*, 370 U.S. 626).

[3] *See, e.g., Long v. Simmons*, 77 F.3d 878, 879–80 (5th Cir. 1996).

[4] *Id.* at 880; *see Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).